Argued December 3, affirmed December 19, 1952

## MILLER *v.* PERCY ET AL.

251 P. 2d 470

*Norman K. Winslow,* of Salem, argued the cause for appellant. With him on the brief was W. C. Winslow, of Salem.

*Stuart W. Hill* argued the cause for respondents. On the brief were Kerr & Hill and W. G. Keller, of Portland.

Before BRAND, Chief Justice, and ROSSMAN, LATOURETTE, WARNER and TOOZE, Justices.

TOOZE, J.

This is a suit to set aside and declare null and void a contract for the exchange of land, brought by Floyd G. Miller, as plaintiff, against R. G. Percy, Mary S. Percy, Richard G. Percy, and Mae Francis Percy, as defendants. The trial court entered a decree dismissing plaintiff's suit, and he appeals.

We have today handed down an opinion in the case of *Percy v. Floyd G. Miller et al.,* which is a suit for specific performance. The contract mentioned in that case is the same contract as is involved in the instant suit. A copy of the contract is set forth in our former opinion, and most of the facts material to a decision in this case are stated therein. We do not repeat that statement here.

The complaint in the suit brought by Percy for specific performance of the contract was filed in the circuit court for Lane county on March 5, 1949. Before he was served with summons in that case, and on March 19, 1949, the plaintiff in this suit filed his complaint in the circuit court for Lane county. Service of summons was made upon each of the defendants on March 21, 1949, in Lane county.

In his complaint in the instant suit, plaintiff alleges that he was induced to and did enter into the contract in question by reason of false and fraudulent representations made to him by the defendant R. G. Percy and his agent, one B. R. Gainer. Defendants answered and denied all the material allegations of plaintiff's complaint and pleaded three separate affirmative defenses as follows: (1) that plaintiff does not come into equity with clean hands, alleging the particulars thereof; (2) that plaintiff waived any fraud on the part of defendant R. G. Percy or anyone else and waived the right to rescind the written contract; and

(3) an estoppel in pais. By his reply plaintiff denied all the material allegations of new matter alleged in the answer of defendants.

In our opinion in the other case we noted the fact that as a defense in that suit, the plaintiff Floyd G. Miller, as a defendant, alleged fraud on the part of Percy.

The two suits were consolidated for the purposes of trial and also for the purpose of appeal to this court. This institution and prosecution of the instant suit were wholly unnecessary. Equity having taken jurisdiction in the suit brought by R. G. Percy for specific performance, and that suit having been first commenced, every issue sought to be presented in the instant case could have been, and in fact was, raised in that case. It should be noted, however, that at the time plaintiff commenced this suit, he did not know of the pendency of the other case; but when that knowledge came to him, he could have dismissed this proceeding; in fact, when the issues were made up in the other case, no reason whatever existed for continuing the instant suit. The entire controversy between the parties could have been, and in truth it was, finally determined in the other case.

We recognize a distinction between the rules applying to specific performance of contracts and those applying in suits for rescission or cancellation of a contract, but under the facts and circumstances surrounding the dealings between these parties, those distinctions are of no moment. We do nothing more than recognize the existence thereof.

In our opinion in the specific performance suit we fully and finally determined the issues in controversy between the parties so far as necessary. We directed

the entry of a final decree denying specific performance and cancelling and setting aside the contract. That leaves us with nothing whatever to do in this case.

The trial court entered a decree dismissing this suit with prejudice. A decree dismissing the suit was proper, although we do not necessarily subscribe to the reasons therefor as announced by the trial court. However, such dismissal can in no manner affect our final decree in the other case. Subject to this limitation, the decree of the trial court is affirmed. Neither party to recover costs.